

## Law Department
Martin J. Walsh, Mayor

December 29, 2016

By Electronic Filing
Ms. Margaret Carter
Clerk of Court, United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02110

RE:   *Boston Taxi Owners Association, Inc. et al. v. Evans*,
      U.S. Court of Appeals for the First Circuit, No. 16-1412

Dear Ms. Carter:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write to notify the Court of recent developments related to the above-referenced case.

Boston Police Commissioner William Evans has appealed the District Court's March 31, 2016 order denying him qualified immunity. On December 5, 2016, oral argument was held before Judges Torruella, Thompson, and Kayatta. No decision has issued.

During the pendency of Commissioner Evans' appeal, litigation has continued in the District Court. On October 13, 2016, Defendants City of Boston and Commissioner Evans, in his official capacity, filed a motion to dismiss or for judgment on the pleadings. *Boston Taxi Owners Ass'n., Inc., et al. v. City of Boston, et al.*, No. 15-10100-NMG (D. Mass. Oct. 13, 2016) (ECF No. 99). On December 21, 2016, the District Court issued a Memorandum & Order allowing Defendants' motion. *Id.*, --- F.Supp.3d ---, 2016 WL 7410777 (D. Mass. Dec. 21, 2016) (ECF No. 107) (attached at Exhibit A). On December 22, 2016, the District Court entered an Order of Dismissal. *Id.* (D. Mass. Dec. 22, 2016) (ECF No. 108) (attached at Exhibit B).

Respectfully submitted,

*John J. Boscia*

John J. Boscia
Assistant Corporation Counsel

Enclosures
cc:    Jenifer M. Pinkham, Esq.
       Schlossberg, LLC
       35 Braintree Hill Office Park, Suite 204
       Braintree, MA 02184

BOSTON CITY HALL • ROOM 615 • ONE CITY HALL SQUARE • BOSTON • MASSACHUSETTS • 02201
617-635-4034 • Fax: 617-635-3199 • www.boston.gov

PRINTED ON RECYCLED PAPER                                                                                       GCC/IBT 48N

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2016, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Jenifer M. Pinkham, Esq.
Schlossberg, LLC
35 Braintree Hill Office Park, Suite 204
Braintree, MA 02184

Date: December 29, 2016　　　　　　/s/ John J. Boscia
　　　　　　　　　　　　　　　　　　John J. Boscia
　　　　　　　　　　　　　　　　　　First Circuit Bar No. 1162417
　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　　City of Boston Law Department
　　　　　　　　　　　　　　　　　　City Hall, Room 615
　　　　　　　　　　　　　　　　　　Boston, MA 02201
　　　　　　　　　　　　　　　　　　(617) 635-4031
　　　　　　　　　　　　　　　　　　John.Boscia@boston.gov

# EXHIBIT A

United States District Court
District of Massachusetts

| | |
|---|---|
| Boston Taxi Owners Association, Inc., Steven Goldberg and Joseph Pierre<br><br>Plaintiffs,<br><br>v.<br><br>City of Boston and Boston Police Commissioner William Evans<br><br>Defendants. | Civil Action No.<br>15-10100-NMG |

MEMORANDUM & ORDER

GORTON, J.

Boston Taxi Owners Association, Inc. and taxi medallion holders, Steven Goldberg and Joseph Pierre (collectively, "plaintiffs"), allege that the City of Boston and Boston Police Commissioner William Evans ("defendants") violated their equal protection rights by not applying the same regulatory framework to taxicabs and so-called transportation network companies ("TNCs").

Defendants have filed a motion 1) to dismiss plaintiffs' claims for declaratory and injunctive relief and 2) for judgment on the pleadings with respect to the equal protection and monetary relief claims. For the following reasons, defendants' motion will be allowed.

I.  **Background**

Eight months have elapsed since this Court denied plaintiffs' second motion for a preliminary injunction. Since then, the General Court has enacted and the Governor of Massachusetts has signed into law a comprehensive statute, M.G.L. ch. 159A½ ("the Act"), regulating TNCs at the state level.

The Act defines a TNC as

> a corporation, partnership, sole proprietorship or other entity that uses a digital network to connect riders to drivers to pre-arrange and provide transportation.

Id. § 1. The Act also delegates regulation of TNCs to a new state "division" within the Massachusetts Department of Public Utilities. Id. § 2. That division implements insurance requirements, monitors fare estimates, ensures the safety and annual inspection of TNC vehicles and monitors the accommodation of riders with special needs. Id. The division also issues permits, which are annually renewed, to TNCs and it has the power to conduct hearings and impose penalties on TNCs which are noncompliant with the Act. Id. §§ 3, 6.

Moreover, the Act ostensibly removes TNCs from local regulation. Section 10 provides, in part:

> [N]o municipality or other local or state entity, except the Massachusetts Port Authority . . . may subject a [TNC] to the municipality's or other local or state entity's rate or other requirements . . . .

M.G.L. ch. 159A½, § 10. The Act does not, however, prevent municipalities from regulating "traffic flow and traffic patterns to ensure public safety and convenience." Id.

In July, 2016, plaintiffs filed a second amended complaint, in which they allege one substantive claim for "due process/equal protection" violations (Count IV). So-called Counts I (declaratory judgment), II (injunctive relief) and III (damages) simply describe plaintiffs' requested relief.

Pursuant to an order of this Court (Docket No. 66), defendants filed a status report in September, 2016, explaining that they are now precluded from regulating TNCs. Shortly thereafter, plaintiffs filed their own status report and, for a third time, moved for a preliminary injunction. Defendants responded by filing a motion 1) to dismiss and 2) for judgment on the pleadings.

The facts underlying this case were summarized extensively in prior orders of this Court and will not be repeated here. Instead, the Court will assume familiarity with that record and will incorporate and/or supplement additional facts where necessary.

II. **Defendants' Motion to Dismiss**

Defendants move to dismiss as moot plaintiffs' claims for declaratory and injunctive relief (Counts I and II, respectively).

A. **Legal Standard**

Mootness is a constitutional issue that a court should ordinarily resolve before reaching the merits. ACLU of Mass. v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013). The mootness doctrine ensures that claims will be justiciable throughout litigation not only when a claim is initially filed. Id. The First Circuit Court of Appeals has identified the following instances of cases becoming moot:

1) when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome;
2) when the court cannot give any effectual relief to the potentially prevailing party; and
3) if events have transpired to render a court opinion merely advisory.

KG Urban Enters., LLC v. Patrick, 969 F. Supp. 2d 52, 56 (D. Mass. 2013) (citing Catholic Bishops, 705 F.3d at 52-53).

B. **Application**

Defendants assert that the Act preempts municipal regulation of TNCs and thus moots plaintiffs' claims for declaratory and injunctive relief. Plaintiffs respond that the Act provides an exception under which defendants can still regulate TNCs.

1. **Preemption**

Under Massachusetts law, a local regulation is preempted if 1) the statute explicitly provides for preemption or 2) the purpose of the state law would be "frustrated" by local regulation such that there is an inference that the legislature intended to preempt "the field". St. George Greek Orthodox Cathedral of W. Mass., Inc. v. Fire Dep't of Springfield, 967 N.E.2d 127, 132 (Mass. 2012) (quoting Town of Wendell v. Att'y Gen., 476 N.E.2d 585, 589 (Mass. 1985)).

Here, the Act expressly prohibits defendants from regulating TNCs:

> [N]o municipality or other local or state entity, except the Massachusetts Port Authority . . . may subject a [TNC] to the municipality's or other local or state entity's rate or other requirements . . . .

M.G.L. ch. 159A½, § 10.

Moreover, the comprehensiveness of the Act also creates a strong inference that defendants are barred from regulating TNCs. For example, the Act creates a new state division to regulate TNCs and contains numerous operational requirements. M.G.L. ch. 159A½, §§ 2, 3. See St. George, 967 N.E.2d at 133-34.

Plaintiffs maintain that the Act contains an exception for municipalities to regulate "traffic flow and traffic patterns." Id. § 10. Thus, according to plaintiffs, defendants can still regulate TNCs, by, for instance, applying certain taxi medallion

and driver requirements to TNCs. Plaintiffs' expansive reading of the exception would, however, render the entire regulatory scheme of the Act nugatory and would "frustrate" the purpose of the statute. The Court therefore concludes that the Act preempts local regulation of TNCs.

### 2. Mootness

Because local regulation of TNCs is preempted by the new state law, plaintiffs' claims for declaratory and injunctive relief are moot.

First, plaintiffs ask the Court to declare that TNCs must comply with local taxi ordinances. After the passage of the Act, however, defendants cannot regulate TNCs and thus any declaration from this Court would be merely advisory. See New Eng. Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 18 (1st Cir. 2002) (remarking that it would be "pointless" to declare the constitutionality of a policy that had been revised during litigation).

Plaintiffs also ask the Court to direct defendants to regulate TNCs under the current taxi regulations. That, too, is moot because such an injunction would require defendants to violate state law. Because defendants cannot regulate TNCs, there is "no ongoing conduct to enjoin". See Town of Portsmouth v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016).

-6-

Accordingly, the Court will allow defendants' motion to dismiss Counts I and II.

### III. Defendants' Motion for Judgment on the Pleadings

In addition to declaratory and injunctive relief, plaintiffs also seek monetary damages (Count III) for the alleged equal protection violations (Count IV). Because a claim for monetary damages can save a claim from mootness even when declaratory or injunctive relief cannot, Cty. Motors, Inc. v. Gen. Motors Corp., 278 F.3d 40, 43-44 (1st Cir. 2002), the Court will address defendants' motion for judgment on the pleadings.

#### A. Legal Standard

Judgment on the pleadings follows the familiar demurrer standard. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir.2006). The "modest difference" between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Id. at 54-55. The Court views the facts contained in the pleadings in the light most favorable to the non-moving party and draws all reasonable inferences in their favor. Id.

#### B. Application

Defendants contend that plaintiffs' equal protection claim fails because they have not alleged an actionable municipal policy.

To bring an equal protection claim against defendants, plaintiffs must identify a policy or custom of the City of Boston that violates their rights. Los Angeles County v. Humphries, 562 U.S. 29, 36 (2010).

Plaintiffs rely on their argument that defendants can still regulate TNCs under the Act's exception for "traffic flow and traffic patterns". As explained above, however, defendants are preempted from regulating TNCs. It is thus state policy, not municipal policy that now prevents defendants from regulating TNCs. Because municipalities are liable only for their own illegal acts, Connick v. Thompson, 563 U.S. 51, 60 (2011), defendants cannot be held liable for the conduct alleged in the complaint. See Yeo v. Town of Lexington, 131 F.3d 241, 257 (1st Cir. 1997) (Stahl, J., concurring) (citing Surplus Store & Exch., Inc. v. City of Delphi, 928 F.2d 788, 791-92 (7th Cir. 1991)).

Alternatively, plaintiffs contend that that defendants could modify the taxicab regulations to conform to state regulation of TNCs. Notwithstanding the irrelevance of that argument to the claim for damages, it is unavailing because plaintiffs' requested relief in their second amended complaint relates to the regulation of TNCs as taxicabs not the converse.

Therefore, the Court will allow defendants' motion for judgment on the pleadings on Count IV. Because Count III is

merely a request for damages, and the Court will allow defendant's motion with respect to plaintiffs' equal protection claim, the Court will also dismiss Count III.

IV. **Plaintiff's Renewed Motion for a Preliminary Injunction**

Plaintiffs' third motion for a preliminary injunction will be denied as moot because the Court will allow defendants' motion with respect to all of plaintiffs' claims.

**ORDER**

For the forgoing reasons,

1) the motion by plaintiffs for a preliminary injunction (Docket No. 97) is **DENIED** and

2) the motion by defendants to dismiss and for judgment on the pleadings (Docket No. 99) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 21, 2016

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
Boston Taxi Owners Association, Inc.)
                                   )
            Plaintiff,             )    Civil Action No.
                                   )    1:15-cv-10100-NMG
                                   )
v.                                 )
                                   )
City of Boston et al,              )
                                   )
                                   )
                                   )
            Defendant.             )
                                   )
_____

ORDER OF DISMISSAL

____Gorton____D.J._____

In accordance with the Court's Order dated 12/21/2016

granting the defendant's motion to dismiss (dkt. no. 99),

it is hereby ORDERED that the above-entitled action be and hereby

is DISMISSED.

____12/22/2016_____                              By the Court,
      Date

                                          ___/s/Stephanie Caruso___
                                                 Deputy Clerk